IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:05-CR-079-L** |
| | § | |
| **LESTER RAY MORGAN** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion under 21 U.S.C. § 851(a)(1) for Modification of Sentence by a Person in Federal Custody, filed May 11, 2010.  Defendant objects to specific paragraphs from the presentence report in this case and seeks resentencing.  He objects to the enhancement of his sentence pursuant to the career offender provision pursuant to section 4B1.1 of the United States Sentencing Guidelines.  Defendant he contends that his sentence is unlawful pursuant to 21 U.S.C. § 851(a)(1) because the court did not have the charging document or jury instructions from his prior convictions.   After carefully considering the motion, record, and applicable law, the court **denies** Defendant's Motion under 21 U.S.C. § 851(a)(1) for Modification of Sentence by a Person in Federal Custody.

Defendant pleaded guilty to possession with intent to distribute or distribution of 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Pursuant to his plea agreement, Defendant waived his right to appeal from his conviction and sentence, except for:  "(a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel."  Plea Agreement (June 22, 2005) ¶ 10.  The

court entered its criminal judgment as to Defendant on October 4, 2005.  He was sentenced to 180 months imprisonment and five years of supervised release.

Defendant has therefore waived his right to object to the presentence report and the career offender enhancements.  Even if he has not, however, the court finds that its ability to modify or change a sentence, once imposed, is limited.  As this circuit held:

> [A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). . . .  18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as:  (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of the sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.

*United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).  Defendant has not argued that his circumstances meet the requirements of section 3582(b).  Accordingly, the court **denies** Defendant's Motion under 21 U.S.C. § 851(a)(1) for Modification of Sentence by a Person in Federal Custody.

**It is so ordered** this 21st day of May, 2010.

Sam A. Lindsay
United States District Judge